**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Georgina Fernandes,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Philip Crawford; et al.<br><br>　　　　Respondents. | No. CIV 07-365-PHX-NVW (GEE)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the court is a second amended petition for writ of habeas corpus and complaint for declaratory relief filed by the petitioner, Georgina Fernandes, on July 26, 2007. [doc. # 24]  Fernandes argues the respondents are unlawfully preventing her from returning to this country subsequent to her removal.  The respondents filed an answer on August 15, 2007 [doc. # 28], and a supplement on November 9, 2007 [doc. # 38].  Fernandes filed a reply on January 7, 2008.  [doc. # 42]

　　　　Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

　　　　The Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the petition.  This court has no jurisdiction to review an order of removal.

//

//

//

Summary of the Case

Fernandes is a native and citizen of Angola who applied for asylum on her own behalf and on behalf of her two children. (Second amended petition, p. 5.) The immigration judge denied her application on November 15, 2001. (Respondents' answer, pp. 2-3.); [doc. # 28]

Fernandes maintains her counsel filed an appeal with the Board of Immigration Appeals (BIA). (Second amended petition, p. 5.) This appeal, she asserts, was dismissed two years later for lack of jurisdiction. *Id.* Unfortunately, her attorney did not receive a copy of the notice of dismissal which was returned as undelivered. *Id.*

The respondents maintain Fernandes did not file an appeal on her own behalf, but appeals were received on behalf of her three children. (Respondents' answer, p. 3.) The appeals were dismissed as untimely on January 2, 2004. *Id.*

Fernandes was taken into custody on December 28, 2006. (Respondents' answer, pp. 2-3.) It appears that Fernandes, at this point, retained her current counsel. (Respondents' answer, Exhibit C, ¶ 8.)

On January 8, 2007, Fernandes filed a motion to rescind and reissue[1] claiming ineffective assistance of counsel and a motion to stay removal. (Second amended petition, p. 5.) (Respondents' answer, p. 3.) Counsel called Fernandes' deportation officer and an employee with the BIA's emergency stay of removal section to make them aware of the pending motions. (Second amended petition, pp. 5-6.) Nevertheless, Fernandes was removed on February 17, 2007. *Id.*; (Respondents' answer, p. 3.) On this date, at 3:41 p.m., Mountain Standard Time (MST), Agent Benvenue escorted Fernandes onto a flight from Washington Dulles International Airport to Brussels Airport in Zaventum, Belgium. (Respondents' answer, Exhibit B.) The flight landed at approximately 5:30 A.M., MST, Sunday, February 18, 2007. *Id.* From there, she boarded a flight to Angola. *Id.*

---

[1] According to the respondents, the original appeal to the BIA was taken only in the names of the children. (Respondents' amended answer, Exhibit C.) The motion to rescind and reissue therefore could not have changed Fernandes' legal position.

1  While the original flight was still en route to Belgium on February 17, 2007 at 8:29 p.m., MST, Fernandes filed a petition for writ of habeas corpus and complaint for declaratory relief in this court. (Second amended petition, p. 3.) She has since filed an amended petition and the instant second amended petition. Fernandes claims her original attorney was ineffective. He failed to present her asylum application effectively at the removal hearing and failed to apply for voluntary departure.

In their answer, the respondents argue the petition should be dismissed because Fernandes was not in custody when she filed her original petition, the court has no jurisdiction over the respondents, the REAL ID Act divests the district court of jurisdiction, Fernandes failed to exhaust her administrative remedies, and the petition fails to assert a constitutional claim.

Fernandes filed a notice of appeal in her own name with the BIA on March 28, 2007. (Respondents' amended answer, p. 4.) The BIA granted review on May 7, 2007, but ultimately dismissed the appeal on October 9, 2007, because Fernandes had been removed on February 17, 2007, and the BIA was without jurisdiction to review the appeal. (Petitioner's reply, Exhibit 1.)

Discussion

This court lacks jurisdiction over Fernandes' claim that counsel rendered ineffective assistance before the immigration judge resulting in her removal. The REAL ID Act of 2005, provides that a petition for review with the courts of appeals is the "sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). Accordingly, this court is without jurisdiction over the instant petition. *See Iasu v. Smith*, 06-55681, __ F.3d __ (9th Cir. 2007).

Fernandes argues this court has jurisdiction because she is not contesting her order of removal. Instead, she objects to the fact that she has been removed and is statutorily barred from reentering the country for a period of up to ten years. She petitions the court to return her

1  to the United States so "her asylum and voluntary departure applications may be reconsidered
2  and considered, respectively." (Second amended petition, p. 5.)

3      Fernandes' argument that she is objecting to the collateral effects of her removal rather
4  than to the removal itself is a distinction without a difference. These collateral effects do not
5  arise independently from the removal order itself. Accordingly, her petition is a challenge to
6  the removal order which must be directed to the court of appeals. *See Singh v. Gonzales*, 499
7  F.3d 969, 978 (9th Cir. 2007) ("Post-REAL ID Act cases considering the applicability of § 1252
8  have also distinguished between challenges to orders of removal and challenges that arise
9  independently."). The court does not reach the respondents' alternate grounds for dismissal.

10

11  Recommendation

12      The Magistrate Judge recommends that the District Court, after its independent review
13  of the record, dismiss the second amended petition for writ of habeas corpus and complaint for
14  declaratory relief filed by the petitioner, Georgina Fernandes, on July 26, 2007. [doc. # 24]

15      Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
16  10 days of being served with a copy of this Report and Recommendation. If objections are not
17  timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-*
18  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

19      The Clerk is directed to send a copy of this Report and Recommendation to the petitioner
20  and the respondents.

21

22      DATED this 9th day of January, 2008.

23
24
25
26                                               Glenda E. Edmonds
27                                               United States Magistrate Judge
28